DAVID BROWN, PLAINTIFF-APPELLEE, v. COAST CITIES RAILWAY COMPANY, A BODY CORPORATE, DEFEND-ANT-APPELLANT.

Submitted October term, 1932—Decided May 2, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellant, *Cook & Stout* (*William J. O'Hagen*, of counsel).

For the appellee, *Lillian Broder-Levington* (*Isaiah Matlack*, of counsel).

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff rendered by the judge sitting without a jury in the District Court.

Plaintiff's testimony was that he was a passenger in the defendant's bus; that the driver took his hand off the wheel and was counting his tickets; that while so doing the bus crashed into an automobile which was parked on the right-hand side of the road; that the plaintiff, who was sitting near the front, undertook to brace himself in his seat to avoid injury; that in the collision his knee and his back was injured; that he immediately complained to the driver and to the superintendent of the company at the bus terminal; that he was treated first by a doctor of the company's selection,

and later by physicians of his own selection and in hospitals; that he lost his job as a butler and up until quite recently he was not able to earn any money at that or any other employment.

The defendant argues that there was no evidence of negligence of the defendant, and that the judge erred in rendering judgment for the plaintiff. But we think that the evidence amply supported the allegation of negligence and the judgment which was rendered.

The only other point is that the judge erred in admitting the testimony of Dr. Vallapiano, who had treated the plaintiff for nine days at the Monmouth Memorial Hospital, after a thorough examination. The question was: "Could the plaintiff have fooled you as to the condition of either his knee or his back?" The answer was: "The plaintiff could not have fooled me with reference to either his knee or his back." To this no exception seems to have been taken, and moreover the question and answer seem to have been stricken out by the trial judge. But if we are wrong in our interpretation of the record, and if there was any technical error here, it was certainly harmless in view of the ample, and, as we see it, uncontradicted testimony respecting the plaintiff's injuries.

The judgment will be affirmed, with costs.